Shackelford, J.,
delivered the opinion of the Court.
This is an action of trespass vi et armis, brought in the Circuit Court of Claiborne County, against the plaintiffs in error, to recover damages for an alleged arrest and false imprisonment.
The declaration is in the usual form, to which the plaintiffs in error severally plead not guilty. The cause was submitted to a jury, at the May Term, 1867, and resulted in a verdict and judgment for six thousand dollars. A new trial was moved for, which motion was overruled. To the action of the Court, the plaintiffs in error excepted, and appealed in error, to this Court.
Before empaneling the jury, the plaintiff in error moved the Court for a change of venue, and filed the following affidavit: “The defendant, William Neal, makes oath in due form, in behalf of himself and the other defendants, that he verily believes, owing to the prejudice existing in the public mind against the defendants in Claiborne County, they cannot have a fair and impartial trial in said County; he, therefore, prays a *216 change of venue in this case, in order that a fair trial may he hadwhich was duly sworn to in open Court, signed by him.
In support of this affidavit, he offered to the Court, and read, the affidavit of five citizens of the county, who made oath that they have heard and read the foregoing affidavit of William Neal, and from their knowledge of public sentiment in said county, they believe said affidavit is true in substance and fact; which was signed and sworn to in open Court. Upon the reading of these affidavits, the defendant ini error offered to read counter affidavits; to which the plaintiffs in error objected.
The objection was overruled, the counter affidavits were read, to. which the plaintiffs in error excepted. The Court refused to change the venue, and the case was tried, and resulted in the verdict aforesaid.
Many questions have been discussed in argument, but in the view we have taken of the action of the Ceurt, in permitting the reading of counter affidavits, upon the application to change the venue, it is unnecessary to notice them, except the action of the Court upon that point.
The right of trial by jury, is a part of our jurisprudence, and is regarded as one of the great bulwarks of civil liberty. The bill of rights declares, “it shall ever remain inviolate.” To carry out this provision, that every one entitled to have his cause tried by a jury, shall have a fair and impartial trial, the Legislature, with a view to effect this purpose, has provided by law, for a change of venue, where it appears to the *217 Court, a fair and impartial trial cannot be had. By section 2836, of the Code, it is provided, “the venue may he changed in civil cases, by the plaintiff or the defendant, or both, but not more than once by each, except for causes1 not in existence when the first change was taken.” By section 2837, it is provided, the party applying for a change of venue, shall make a statement of facts in writing, under oath or affirmation, that he verily believes, that, owing to prejudice, or other causes, then existing, he cannot have a fair and impartial trial, in the county where the same is pending, the truth of which statement shall be verified and supported by the oath of at least three respectable persons. By section 2838, if the presiding Judge, on due consideration, should be of opinion that the cause set forth, is good, and the truth thereof evidenced and credibly supported, he shall order the change.
It was not contemplated by the Legislature, as we think, in the sections of the Code referred to, upon application to change the venue, that counter affidavits should be heard to resist the motion. The oath of the party, that he cannot have a fair and impartial trial, supported by three credible witnesses, that the facts and statements of the party applying, are true, was sufficient to authorize the Court to change the venue. If counter affidavits are allowed, it will, in effect, defeat the purpose of the Act. This Court held, in the case of Gassaway vs. Smith, 3 Humph., 154, when the bill of exceptions did not show the reasons for refusing to change the venue, the Circuit Court could not be placed in error. It was a discretion to be determined of by *218 tbe Court, which may be safely left to the exercise of that discretion, the supervision of which would be difficult by this Court. We admit the principle to he correct, that where the record fails to disclose the reason for the action of the Circuit Court in refusing the change of venue, this Court cannot reverse its decision, for the reason, that, in the absence of the facts that influenced the action of the Circuit Court, this Court cannot say that the legal discretion was improperly exercised; and we will presume it to have been correct; but where the action of the Court is excepted to, in allowing counter affidavits to resist the motion, the principle settled in the case of Gassaway vs. Smith, does not apply. The error of the Court is in permitting them to be read, which, under our construction of the Act, cannot be done. We see from the record that they were allowed, and in that was error. This Court said, in the case of Kirk vs. The State, 1 Coldwell, 348: “Where the Legislature has used words of plain and definite import, it would be very dangerous to put upon them a construction which amounts to holding that the Legislature did not mean what it had expressed. And if that intention is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and the Judges are not at liberty, on considerations of policy or hardship, to depart from the words of the Statute; that they have no right to make exceptions or insert qualifications. It is obvious, that to do so, would be to transcend the boundary separating judicial construction from judicial legislation. It is a recognized principle of exposition, too, that it is not *219 allowable to interpret wbat has no need of interpretation.” The Legislature bas defined the manner in which the application shall be made; has thrown around it the proper guards, by requiring the oath of three or more disinterested persons, that the facts and statements made by the applicant are true. It is a legal right, to which the party, who brings himself within the provisions of the law, is entitled; and if the record discloses the reasons for the action of the Court which deprives him of that right, he can have its action revised in this Court; otherwise, if it rests in the mere exercise of a discretion of the Circuit Court, he cannot. In the case of Buchanan vs. McManus, 3 Humph., 349, where counter affidavits have been filed, in a motion to set aside a pro eonfesso taken in a Chancery cause, the Court said: “It is a dangerous and doubtful practice, and ought not to be encouraged.”
We concur with the views of the Court, as expressed in that case, that the practice is a dangerous one, and of doubtful policy. To extend the rule to this class of cases, would be to defeat the object and intention of the Legislature, and in many instances, deprive the party of a trial by a fair and impartial jury. The ground for the change in this case, is owing to the prejudice in the public mind against the plaintiffs in error, and is within the express letter of the Statute.
Other causes may be alleged in the affidavit, and of this the Court must judge, and has a right to determine whether they are sufficient or not, or whether they are credibly and well supported, under the rules of law applicable to this class of cases. It was p.ot designed or in *220 tended by the Legislature, that the opposing party should have the right to show, by counter affidavits,' the statements were groundless.
There is no provision in the Statute authorizing the reading of such, and we think it was not the intention it should be allowed. In the construction of a Statute allowing a change of venue, the Supreme Court of Indiana, 7 Ind. Reports, Witter vs. Taylor, held: “It is the duty of a Court to grant a change of venue in a civil cause, if the affidavits be in conformity with the requirements of the Statute; nor can counter affidavits be admitted in resisting the motion.” This, though not an authority upon the construction of our Statute, shows the construction placed upon Statutes similar to this, by a respectable Court. It is insisted in argument, the provisions of the Act, passed March 8th, 1867, sec. 8, pamphlet Act, 57, regulates and controls the practice, allowing counter affidavits. We think that Act has no application, and has not changed the law authorizing a change of venue. It is provided in section 8, of the Act aforesaid, where civil suits have been removed from any county where they were originally brought, they shall be transferred back to the county where they were originally brought, on the affidavit of three unconditional Union men of the county where the suit was brought, that justice may be done all parties.
This Act explains itself, and can have no reference to a change of venue from the county where the suit was brought. It has no application to this class of cases, and did not authorize the Court to receive counter affidavits.
*221 We are, therefore, of opinion that the Court erred in receiving affidavits in opposition to a change of venue; that the plaintiffs in error are entitled to have the venue changed. Therefore, the judgment of the Circuit Court will be reversed, and the cause remanded.